[Civ. No. 18181.  Second Dist., Div. Three.  Aug. 20, 1951.]

DONALD L. ROZELLE, Appellant, v. CASSIUS M. WATTS et al., Defendants; WILLIAM L. FOX et al., Respondents.

Donald L. Rozelle, in pro. per., for Appellant.

Randolph Karr for Respondents.

VALLÉE, J.—Plaintiff appeals from a judgment which decreed that respondents have a right of ingress and egress over a parcel of realty.

Plaintiff brought the action to quiet title to a parcel of realty 5 feet wide, which we refer to for convenience as Lot 1, which lies westerly of a parcel owned by respondents, which we refer to for convenience as Lot 2, and between Lot 2 and a public street. Respondents answered, alleging that for more than 20 years Lot 1 had been continuously and openly used as a part of and in connection with Lot 2, including the right, among other things, to use Lot 1 ''as a means of ingress and egress to'' Lot 2. They also filed a cross-complaint in which they alleged they are the owners of Lot 1 and that plaintiff claimed some rights therein but had none. The court found that plaintiff is the owner of Lot 1; respondents are the owners of Lot 2; Lot 2 is immediately adjacent to Lot 1 and is 100 feet deep; in 1923 Lots 1 and 2 were owned by the Wattses and they used Lot 1 as a means of ingress to and egress from Lot 2; there was no other way to reach Lot 2 from the public street except by using Lot 1; at all times since 1923 Lot 1 has been used as a means of ingress to and egress from Lot 2, and physically there was no other means of ingress and egress; the use of all of Lot 1 is necessary as a

means of ingress to and egress from Lot 2 and "includes not only surface use but sewer, water, gas line use, public utility use and incidental use," and respondents are entitled to use it "as a means of ingress and egress and for all incidental uses thereto."

■ Plaintiff contends the evidence is insufficient to sustain the findings that respondents are the owners of Lot 2 and as to necessity. Respondent William L. Fox testified that he is the owner of Lot 2. This was sufficient evidence of ownership. (5 Cal.Jur. 10-Yr. Supp. [1944 Rev.] 713, § 278, and cases there cited.) A fence separates Lot 2 from the lot immediately adjacent to the east, which for convenience we refer to as Lot 3. Lot 3 abuts on Alameda Street. Lots 2 and 3 were at one time in common ownership. ■ Plaintiff argues that there is no necessity for respondents' using Lot 1 as a means of ingress and egress for the reason that they may remove a portion of the fence and thus have access to Alameda Street. There is no evidence that respondents own Lot 3. Lots 2 and 3 were registered as one parcel under the Torrens Act. There was evidence that a deed of trust covering Lots 2 and 3 was foreclosed and the lots acquired by Huntington Park Building and Loan Association at the trustee's sale; that the latter conveyed Lot 2 to respondents; and that a new certificate of title was issued covering Lot 2 and a separate new certificate issued covering Lot 3. The new certificate covering Lot 2 was issued to respondents. The inference is that the respondents did not acquire, and have no right of ingress or egress over, Lot 3. (Torrens Act, Stats. 1915, p. 1932, §§ 48, 49; 3 Deering's Gen. Laws, Act 8589, §§ 48, 49.) Further, a map in evidence indicates that respondents do not own Lot 3. The evidence is sufficient to sustain the findings.

■ The complaint alleged that respondents claim to have some right, title, or interest in Lot 1. The answer of respondents denied this allegation generally, but as a separate defense plead the facts on which they predicated their claim of an easement. After plaintiff introduced a deed of Lot 1 to himself in evidence, he moved for judgment on the pleadings, claiming that respondents had admitted they had no interest in Lot 1 and that therefore they had no defense. The motion was denied. Plaintiff claims error. There was no error. In view of the separate defense and the cross-complaint it is apparent that the denial in the answer was an inadvertence.

■ Plaintiff asserts that the court erred in permitting respondents to prove their title to Lot 2. To prove an easement in Lot 1 it was essential that respondents prove their title to Lot 2.

■ Plaintiff contends that the court erred in refusing to permit one of respondents to testify with respect to his ownership of Lot 1. On cross-examination plaintiff asked Mr. Fox whether at the time he acquired Lot 2 the grantor granted him any right in Lot 1. An objection was sustained. The question called for a conclusion and the objection was properly sustained. Plaintiff then asked the witness, "Mr. Fox, do you own any property in Sheehan's Tract?" Lot 1 is in Sheehan's Tract. An objection was sustained. The question was proper and the objection should have been overruled. However, the error was not prejudicial. Respondents' claim to an easement in Lot 1 is based on necessity. Plaintiff cross-examined respondent Fox at length on that subject.

■ On cross-examination plaintiff asked Fox if he ever paid any rent to the owner of Lot 1. An objection was sustained. Plaintiff claims error. The witness should have been permitted to answer. It cannot be said that the error was prejudicial. It is clear from the entire testimony of Fox that he did not pay rent to the owner of Lot 1 and that his claim was based solely on the fact that his only means of ingress to and egress from Lot 2 is over Lot 1.

Plaintiff's other points are predicated on the erroneous theory that it was essential that respondents establish an easement by prescription. The case was tried on the theory that respondents either did or did not have an easement of necessity. They proved that they did. Whether the evidence was sufficient to establish an easement by prescription is immaterial.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied September 6, 1951.